IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE A. IRIZARRY-CORCHADO
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL NO. 09-1316(PG)
RELATED CRIM. 04-414(PG)

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.6). Petitioner filed a Reply to said Response (D.E. 7). For the reasons discussed below, the Court finds the Petition shall be DENIED.

**I. BACKGROUND**

On September 29, 2005, Petitioner, Jose A. Irizarry-Corchado (hereinafter "Petitioner" or "Irizarry-Corchado") and twenty one (21) additional co-defendants were indicted in a Second Superseding Indictment by a Federal Grand Jury (Crim. D.E. 48)[2]. Petitioner was specifically charged
in Count Five (5) as follows: from on or about the year 2002, and continuing until September 29, 2005, in the District of Puerto Rico, and within the jurisdiction of this Court, Irizarry-Corchado and twenty one (21) other co-defendants, and the following co-

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 09-1316(PG)                                                                 Page 2

conspirators not charged in this Second Superseding Indictment, that is Johan Mañon Feliz and Dickson Roman Quiñonez did, knowingly and intentionally, combine, conspire and agree with each other and with diverse other persons to the Grand Jury known and unknown, to commit an offense against the United States, to wit, to knowingly and intentionally possess with the intent to distribute kilogram quantities of controlled substances, that is to say, five (5) kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, fifty (50) grams or more of cocaine base (crack cocaine), a Schedule II Narcotic Drug Controlled Substance, and one hundred (100) kilograms or more of marihuana, a Schedule I Controlled Substance, as prohibited by Title 21, United States Code, Section 841(a)(1)[3](Crim.D.E. 48).

Petitioner was further charged in Count Seven (7) of the Second Superseding Indictment as follows: on or about March 10, 2004, in the District of Puerto Rico and within the jurisdiction of this Court, Irizarry-Corchado along with three(3) other co-defendants and others to the Grand Jury unknown, aiding and abetting each other, did knowingly use, carry and possess a firearm in furtherance of a drug trafficking crime, that is, pistols and riffles of unknown brands, during and in relation to the commission of an offense punishable

---

[3] Overt Act number five (5) of this count states: On or about March 10, 2004, [2] Angel L. Alamo Clemente, also known as "Lito", also known as "Negro", aslo known as "Flavio", [4] Juan Castillo Torres, also known as "Pituti", also known as "Bin Laden", [3] Jose A. Irizarry Corchado, also known as "Chegui", also known as "Che" and "Barney", and [6] Omar R. Santiago Miranda, shot and killed Johan Mañon Feliz because they believed he was assisting law enforcement officers (Crim.D.E. 48 at pages 10-12).

Civil No. 09-1316(PG) Page 3

under the Controlled Substances Act, that is, a violation of Title 21, United States Code, Sections 846 and 841(a)(1) as charged in Count Five, of this Indictment, involving the conspiracy to possess with the intent to distribute cocaine, cocaine base, Schedule II Narcotic Drug Controlled Substances and marihuana, a Schedule I Controlled Substance. All in violation of Title 18, United States Code, Section 924(c)(1)and (2) (Crim. D.E. 48).

On December 12, 2006, Petitioner, through his counsel, filed an Informative Motion in which he limited the scope of his responsibility as to the conduct with which he was charged (Crim. D.E. 473). Specifically, Petitioner alleged that he did not participate in the murder described in footnote three (3) and limited his participation in the drug conspiracy to "possession with intent to distribute more than one hundred (100) kilograms of marihuana.." (Crim.D.E. 473 at page 1). On December 12, 2006, the Government filed its Response in Opposition to Docket 473. Specifically the Government informed the Court that the "acceptance of responsibility" submitted by Irizarry-Corchado was a self serving document that failed to take into account his participation in the murder of a government informant and that at that time there was no agreement between the parties for Petitioner to plead guilty (Crim. D.E. 474).

On February 27, 2007, Petitioner, through his counsel, filed a Motion for Change of Plea (Crim. D.E. 546). On March 6, 2007, Irizarry-Corchado's Plea Agreement was filed (Crim. D.E. 591). On March 6, 2007, Petitioner's Change of Plea Hearing was held (Crim.D.E. 590). On May 3, 2007, Petitioner filed a Motion to Withdraw Plea of Guilty (Crim.D.E. 632). On May 10, 2007, the

Civil No. 09-1316(PG)                                                                        Page 4

Government filed its Opposition to the Withdrawal (Crim.D.E. 640). On May 10, 2007, Petitioner filed a Reply to the Government's Opposition to the Withdrawal (Crim.D.E. 643). On June 13, 2007, the Court denied the request for withdrawal of the guilty plea (Crim.D.E. 684). On August 22, 2007, Petitioner filed a pro-se motion to withdraw his plea of guilty (Crim.D.E. 720). On August 26, 2007, Petitioner's counsel filed a Motion for Reconsideration of Court's Denial of Withdrawal of Guilty Plea and Opposition to PSR (Crim. D.E. 721). On August 30, 2007, the Government filed its Response to Motion for Reconsideration (Crim.D.E. 723). On August 31, 2007, based on the arguments presented by both parties the Court scheduled a hearing for the issue of the withdrawal of the guilty plea (Crim.D.E. 728).

On September 5, 2007, the hearing on the withdrawal of guilty plea was to take place, upon commencement of the hearing Petitioner through counsel withdrew his request for withdrawal of guilty plea and asked to be sentenced[4]. Therefore, the sentencing hearing was held (Crim.D.E. 729).

On September 5, 2007, Irizarry-Corchado was sentenced to a term of imprisonment of three hundred and sixty (360) months as to count five (5) of the Second Superseding Indictment; a Supervised Release Term of five (5) years and a Special Monetary Assessment of one hundred

---

[4]The transcript of said hearing reflects that the Court specifically questioned Irizarry-Corchado on the matter of his withdrawal of the request to withdraw guilty plea. Petitioner indicated to the Court that was his wish and that he wanted to proceed with sentencing(Sentencing Hearing Transcript of September 5, 2007, at pages 2-4).

dollars ($100.00); Count Seven (7) was dismissed (Crim.D.E. 729). On September 11, 2007, Judgment of conviction was entered (Crim.D.E. 730).

On September 11, 2007, Petitioner filed a pro-se Notice of Appeal (Crim.D.E. 731). On July 16, 2008, the First Circuit Court of Appeal issued its Mandate Affirming Irizarry-Corchado's conviction (Crim.D.E. 777). No petition for certiorari was filed, and judgment became final on October 14, 2008. Therefore, Irizarry-Corchado's Petition filed on April 11, 2009, is timely.

## II. DISCUSSION

In his 2255 Petition, Irizarry-Corchado raises four (4) issues: Ineffective Assistance of Counsel at the Appellate level for filing an <u>Anders</u>' brief, after advising petitioner to waive all his appeal rights; Ineffective Assistance of Counsel at the sentencing stage for allowing an enhancement to first degree murder; Ineffective Assistance of Counsel at change of plea for failing to explain the difference between pleading guilty versus going to trial; Ineffective Assistance of Counsel for failing to file a timely notice of appeal. Irizarry-Corchado further alleges that the Court erred in the Change of Plea Hearing for it failed to explain the nature of the charges and it failed to question Petitioner on the waiver of appeal provision.

The record of this case does not support Petitioner's allegations. In addition the First Circuit Court has already express itself on this matter. Irizarry-Corchado is therefore barred from raising them in his section 2255 motion.

<u>Previously settled claims</u>

Civil No. 09-1316(PG)                                                                                                                Page 6

Except for the allegation as to his appellate counsel; all of Petitioner's remaining claims were in some form examined by the First Circuit Court as a result of the filing of a Andres brief.

"Counsel has filed a brief pursuant to Andres v. California, 386 U.S. 738 (1976). He has informed the court that he notified appellant of his right to file a supplemental brief but appellant has not done so.

We have studied the record with care, particularly the transcript of the change of plea hearing, the plea agreement, appellant's motion to withdraw his plea, appellant's request for a continuance until initial counsel was able to resume representation, appellant's motion to withdraw the motion to withdraw the plea, and the transcript of the sentencing hearing. Like counsel, we can identify no non-frivolous issue on appeal.

The judgment is affirmed." United States v. Jose A. Irizarry-Corchado, No. 07-2547(July 16, 2008).

A reading of the Court's Judgment makes it crystal clear that after a thorough review of the record it found no issue that would warrant an appeal. This includes those issues now being raised by Irizarry-Corchado in his 2255 Petition.

Claims which have been previously settled on direct appeal, cannot be revisited through a collateral proceeding Withrow v. Williams, 507 U.S. 680 (1983). Furthermore, the First Circuit Court has clearly established that a section 2255 petition cannot be used to litigate matters that were decided on appeal, Singleton v. United States, 26 F.3d 233 (1st Cir. 1993). Petitioner is trying to circumvent the system by re-litigating issues that the First Circuit

already delved into, analyzed and resolved; by raising them as ineffective assistance of counsel of both his trial attorneys. The same shall not be permitted and are DENIED.

The only remaining issue is the ineffective assistance of appellate counsel for failure to file an appeal and filing of a Andres brief instead. The First Circuit Court's opinion on the matter solves this issue by agreeing with appellate counsel. "Like counsel, we can identify no non-frivolous issue on appeal." United States v. Irizarry-Corchado, No. 07-2547 (July 16, 2008). Clearly Petitioner can not meet the standard of ineffective assistance of counsel as established in Strickland. Therefore, this allegation is also DENIED.

Having established that Petitioner's allegations are meritless this Court hereby Denies Irizarry-Corchado's claim.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **JOSE A. IRIZARRY-CORCHADO,** is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **JOSE A. IRIZARRY-CORCHADO's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.#1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because

Civil No. 09-1316(PG)                                                      Page 8

there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th of February 2012.

*(signature)*
Juan M. Pérez-Giménez
Senior United States District Judge